Sheriff — Class A Officer — Salary When 19 O.S. 180.64 [19-180.64](a) (1968), is applicable Minimum salary schedule, the Class "A" officers enumerated in 19 O.S. 180.61 [19-180.61] (1968), shall receive a minimum salary allocated to "all other Class `A' officers" $5,400 and the county sheriff, since specifically exempted from the class of "all other Class `A' officers," shall receive $4,400. The Attorney General has received your letter of June 13, 1968, wherein you ask the following question: "Will the County officers whose classification has been changed from Class `B' to Class `A' be entitled to the same salary as the sheriff or the salary of the county judge beginning January, 1969?" The Legislature passed Senate Bill No. 343, 31st Oklahoma Legislature, Second Session, which reads as follows: "For purposes of fixing salaries under this Act, county officers shall be grouped in the following classifications: "A. Enforcement officers or those charged with enforcing the laws relating to public peace and safety: the county sheriff, the county treasurer, the county clerk, the court clerk, the clerk of the court of common pleas, the county assessor, and the members of the board of county commissioners, the county judge and judges in court of common pleas where established." "B. The county superintendent of schools. "C. Other elected county officers." Senate Bill No. 343 presents a problem in relation to 19 O.S. 180.64 [19-180.64](a) (1967), Minimum salary . This statute reads in part as follows: "Provisions of this act are in addition to any or all other statutory salary provisions for county officers and Groups `A' and `B'. "(a) In every county having a net valuation of all tangible, taxable property, . . . the minimum salary of the sheriff shall be Four Thousand Four Hundred Dollars ($4,400.00) per annum and for all other Group `A' officers, shall be Five Thousand Four Hundred Dollars ($5,400.00) per annum, . . ." (Emphasis added) This section has nine other provisions similar to Section 180.64 A (a); the only differences are provisions for different salaries for higher net valuations. All nine paragraphs contain the language "for all other Group `A' officers." Was it the intention of the Legislature to have the new Group "A" officers receive the minimum salary of $5,400.00 or $4,400.00 if Section 19 O.S. 180.64 [19-180.64](a) applies? It is an established rule of law that unless an inconsistency is created or an absurd result reached, the express language of a statute must be followed. See for example 82 C.J.S. Statutes, Section 289, page 487, which states as follows: "It will be presumed that the Legislature, in enacting a statute, acted with full knowledge of existing statutes relating to the same subject; and, where express terms of repeal are not used, the presumption is always against an intention to repeal an earlier statute, unless there is such inconsistency or repugnancy between the statutes as to preclude the presumption, or the later statute revised as a whole subject matter of the former." See also Shriver v. Graham, Okla., 356 P.2d 774. Senate Bill No. 343 has as its stated purpose that of fixing salary of different county officers. It can be presumed that the Legislature took into account all other statutes which affected salaries of county officers and the clear language of 19 O.S. 180.64 [19-180.64](a) (1967), is that all other class "A" officers shall receive a minimum salary of Fifty-Four Hundred Dollars. Since Senate Bill No. 343 makes the county sheriff, the county treasurer, the county clerk, the court clerk, the clerk of the Court of Common Pleas, the county assessor, the members of the Board of County Commissioners, the county judge and judges of the Court of Common Pleas Class "A" officers, all will receive the salary of Class "A" officers as specified by the above statute. If Section 19 O.S. 180.64 [19-180.64] A Minimum salary applies and not Section 180.62 and 180.63 Basic salary schedule, the sheriff will receive $4,400.00 since this salary is specifically provided for in Section 180.64 A; and all other enumerated Class "A" officers will receive $5,400.00. The fact that certain county officers who heretofore have received less salary than the county sheriff are now to receive more than the county sheriff is not within the purview of this office to question. A similar question was answered in an Attorney General Opinion addressed to the Honorable Charles G. Morris, then State Examiner and Inspector, June 5, 1953. We held: "Although, as pointed out by you, if the provisions of said House Bill No. 693, relating to the number, types and salaries of deputies, assistants and other employees of county officers, are operative immediately, the salaries or maximum salaries of some deputies, assistants and employees will be higher than the salary of the principle officer who appointed or approved them. We are not aware of any provision of our Constitution or of any principle of law under which a statute providing for, or allowing, the payment of a higher salary to a deputy, assistant or other employee of a public officer and that being received at the time by such officer would be invalid." No problem is presented in computing the salaries under 19 O.S. 180.62 [19-180.62] (1961) and Section 19 O.S. 180.63 [19-180.63] (1961), Basic salary schedule, because in these sections there is only one group "A" salary. Consequently, the officers that have moved from Class "B" to Class "A" by Senate Bill No. 343 will receive the Group "A" salary if Sections 180.62 and 180.63 are applicable. It is, therefore, the opinion of the Attorney General that when Section 180.64 A is applicable Minimum salary schedule, the Class "A" officers enumerated in Senate Bill No. 343 shall receive a minimum salary allocated to "all other Class `A' officers" (Fifty-Four Hundred Dollars) and the county sheriff, since specifically exempted from the class of "all other Class `A' officers," shall receive Forty-four Hundred Dollars. (W. J. Monroe) ** SEE: OPINION NO. 68-275 (1968) ** ** SEE: OPINION NO. 68-372 (1968) **